IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HARRIET DELORES CLEVELAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:13-cv-732-MEF |
| | ) | (W/O - Publish) |
| CITY OF MONTGOMERY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| ---------------------------------------------------- | | |
| MARKIS ANTWUAN WATTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:13-cv-733-MEF |
| | ) | |
| CITY OF MONTGOMERY, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

# **O R D E R**

Now before the Court is Plaintiffs Harriet Delores Cleveland and Markis Antwuan Watts' ("Plaintiffs") Motion for Limited Participation in June 30, 2014 Hearing in *Mitchell v. City of Montgomery*, No. 2:14-cv-186, and Motion to Suspend Scheduling Order (Doc. #27), filed on May 14, 2014.[1] Plaintiffs move under Federal Rule of Civil Procedure 42(a)(1) for leave to participate by oral argument in the June 30, 2014 hearing set in *Mitchell v. City of Montgomery* and for leave to submit ancillary briefing related to any plan proposed by the

---

[1] These actions were originally filed in the Circuit Court of Montgomery County, Alabama on August 28, 2013. Defendants subsequently removed both actions to this Court on October 4, 2014. (Doc. #1.) The Court consolidated these actions on November 14, 2013. (Doc. #13.) For the purposes of this Order, any references to the above-styled consolidated cases shall be to the lead case, No. 2:13-cv-732.

City of Montgomery (the "City") pursuant to the Court's Preliminary Injunction Order in *Mitchell*. Plaintiffs also move under Federal Rule of Civil Procedure 16(b)(4) to suspend the Uniform Scheduling Order (Doc. #18) in this case. The Court will address both motions in turn.

**1. Motion For Limited Participation**

Plaintiffs first move for leave to participate in the June 30, 2014 hearing in *Mitchell v. Montgomery* and for leave to submit ancillary briefing related to the City's proposed plan under Rule 42(a)(1). Under Rule 42(a)(1), "[i]f actions before the court involve a common question of law or fact" the district court may "join for hearing or trial any or all matters at issue in the actions." The purpose of Rule 42(a) is to allow district court judges to "control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citations omitted). Rule 42(a) "is permissive and vests a purely discretionary power in the district court." *See Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (citations omitted). The Eleventh Circuit has "encouraged trial judges to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." *Hendrix*, 776 F.2d at 1495 (internal citation and quotations omitted).

The Court finds that this action and *Mitchell v. City of Montgomery* involve common questions of law and fact. Both actions challenge the constitutionality of the City's alleged policy of incarcerating residents for failure to pay court-ordered fines and costs without conducting a meaningful inquiry into their ability to pay, without considering alternatives to

incarceration, and without providing access to counsel. The purpose of the June 30, 2014 hearing is to address the adequacy of the City's current or proposed policies and procedures as they relate to the collection of court-ordered fines and costs as required in the Court's Preliminary Injunction Order.  Therefore, the matters to be addressed at the June 30, 2014 hearing are directly relevant to and potentially affect Plaintiffs' claims in this action. Moreover, discovery completed in this action may be relevant to the issues before the Court at the June 30, 2014 hearing.  Defendants in this action and the parties in *Mitchell* do not oppose Plaintiffs' motion.

In reaching its conclusion, the Court also notes the limited nature of Plaintiffs' request.  Plaintiffs are clear that they do not seek to intervene in the *Mitchell* proceedings and do not seek relief that would be uniquely applicable to their respective cases.  Rather, Plaintiffs only seek to weigh in on the legal sufficiency of the City's plan during the hearing or through ancillary briefing. Accordingly, the Court also finds that the minimal risk of prejudice or confusion due to Plaintiffs' involvement in the hearing for the limited purpose of addressing the legal sufficiency of the City's proposed plan, both orally and through ancillary briefing, would not outweigh the significant value of eliminating unnecessary repetition, reducing the risk of inconsistent adjudications, and conserving judicial resources. *See Hendrix*, 776 F.2d at 1495 (citing *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 1983 (4th Cir. 1982)).  Therefore, the Court finds it appropriate to grant the limited relief Plaintiffs request.

## 2. Motion to Suspend Uniform Scheduling Order

Plaintiffs also move the Court under Rule 16 to suspend all deadlines set forth in the Uniform Scheduling Order (Doc. #18), other than any outstanding discovery requests, until after the Court has ruled on the adequacy of the City's proposed or current plan. Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Good cause exists if the schedule "cannot reasonably be met despite the diligence of the party seeking extension." Fed. R. Civ. P. 16 advisory committee notes; *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

Under the current Uniform Scheduling Order, the parties' dispositive motion deadline is June 2, 2014. However, a finding by this Court at the June 30, 2014 hearing that the City's current or proposed plan is constitutionally adequate may materially change the nature of the proceedings in this case and, therefore, change the nature of the parties' briefs. As Plaintiffs point out, the Court's findings at the June 30, 2014 hearing may even provoke a settlement. Accordingly, to conserve judicial resources and to reduce the risk of unnecessary briefing, the Court finds that "good cause" exists to continue the dispositive motions deadline, face-to-face settlement conference deadline, discovery deadline, and expert disclosure deadlines set forth in the Uniform Scheduling Order until July 21, 2014. However, the Court does not agree that the nature of the June 30, 2014 hearing provides "good cause" to suspend the remaining deadlines in the Uniform Scheduling Order.

**Conclusion**

For the reasons stated above, it is hereby ORDERED as follows:

1.Plaintiffs' motion (Doc. #27) is GRANTED IN PART and DENIED IN PART.

2.Plaintiffs may participate at the June 30, 2014 hearing in *Mitchell v. City of Montgomery,* 2:14-cv-186, orally and through ancillary briefing, for the limited purpose of expressing their views on the legal sufficiency of the current or proposed plan the City is required to submit to the Court pursuant to the Preliminary Injunction Order in *Mitchell*.

3.The dispositive motions deadline (Section 2), face-to-face settlement conference deadline (Section 3), discovery deadline (Section 7), and the expert disclosure deadlines (Section 8) set forth in the Uniform Scheduling Order (Doc. #18) are CONTINUED until July 21, 2014.

DONE this the 27th day of May, 2014.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE